**John E. Robinson, Plaintiff-Appellant, v. City of Geneseo, Illinois, a Municipal Corporation, Defendant-Appellee.**

Gen. No. 67–28.

Third District.

December 7, 1967.

Winstein & Kavensky, of Rock Island, for appellant.

Andrews & Andrews, of Kewanee, and Jay M. Hanson, of Geneseo, for appellee.

PER CURIAM.

The complaint of plaintiff, John E. Robinson, in the cause now before us sought a declaratory judgment that plaintiff was entitled to serve as Chief of Police of the City of Geneseo until November 14, 1966, in accordance with a contract dated December 26, 1963, for a three-year term beginning as of November 15, 1963. The contract provided that the city had been instructed by unanimous vote of the city council to enter into the contract to employ the plaintiff as Police Chief for a period of three years from November 15, 1963, to November 14, 1966. The duties of Chief of Police were outlined in detail in the contract and the contract set the salary, the vacation and provided for other fringe benefits. In the contract it was provided "This contract may be terminated only by mutual agreement of both parties hereto." Plaintiff performed his duties as Chief of Police for Geneseo for a little over two years until December 2, 1965, when he was removed from that office by the action of the City Council without his approval. The complaint filed by plaintiff combined a request for declaratory judgment declaring the rights of the respective parties under the contract for plaintiff's employment with a request for an injunction against the City of Geneseo enjoining the city from interfering with the plaintiff's performance of his duties as Chief of Police for Geneseo for the balance of the contract period. The City of Geneseo filed a motion to strike the complaint setting forth nine different grounds for the motion. Following a hearing, the motion to strike was granted and the plaintiff has appealed. The first appeal was dismissed by this court for the reason that a final and appealable order was not entered. This defect, however, was cured by entry of an order.

The City of Geneseo exists under a charter of 1865 which provides for the election of a mayor annually in April and one alderman for each ward. There is a provision that the aldermen serve two-year terms so that half of them are elected each year. Article V of the Geneseo charter provides "Section One. The City Council of the City of Geneseo shall have power to appoint a city marshal who shall be ex officio collector . . . ; and the City Council may remove any of said officers at their pleasure, either for misconduct or for any other cause." The Code of the City of Geneseo, Section 9–1–2 provided "Chief of Police: The marshal shall be an ex officio chief of police and shall be appointed annually by the Council . . . ."

On appeal in this court, plaintiff contends (1) that the municipality had the right to enter into the contract even though the power was irregularly exercised and is bound by its terms; (2) that the contract is divisible and not entire and (3) that defendant-appellee is estopped to deny the validity of the contract having accepted its benefits. As authority for the position taken by the plaintiff, plaintiff cites City of East St. Louis v. East St. Louis Gas Light & Coke Co., 98 Ill 415 and McGovern v. City of Chicago, 281 Ill 264, 118 NE 3. The City of East St. Louis case involved a contract for street lighting for a thirty-year period. Action was brought to recover payment for six months of lighting which had already been furnished to the city under the terms of the contract. The city argued that the contract was ultra vires and not enforceable. The court correctly concluded that the city had the power to contract for street lighting and the contract was not illegal. In sustaining the claim of the company as against the city, the court stated that the city had received benefits and was bound to pay for them. The court, in that case, at pages 426–427 stated specifically:

> "Such an objection as is made to this contract, that it interferes with the exercise of the legislative or governmental power of the city over the subject, does not require that the contract should be held void, but only voidable so far as it is executory. It is enough for the obviating of any such objection, that there be the right at any time to avoid the contract, so that there may be the freedom to exercise its governmental power in regard to the subject, when and as the city pleases."

The court thus made it clear that it was not upholding the validity of the entire 30-year contract, but merely requiring the city to pay for what it had received.

In the McGovern v. City of Chicago case, supra, a similar fact situation was involved. In that case a contract for asphalt which had been satisfactorily performed by the contractor resulted in an action by the contractor for the unpaid balance. The city contended that the contract was invalid because the time for performing the work extended beyond the fiscal year for which the appropriation for such work was made. The contractor was permitted to recover. The court in considering the ultra vires argument stated, at page 280:

> "There is a distinction between contracts which are ultra vires and contracts which are within the power of the city to make but which have been irregularly or illegally made but have been performed in good faith. In Dillon on Municipal Corporations (5th ed sec 1611) it is said: 'A municipal corporation, as against persons who have acted in good faith and parted with value for its benefit, cannot, unless by virtue of some statutory provision, set up mere irregularities in the exercise of power conferred, as, for example, its failure to make publication in all of the required newspapers of a resolution involving the expenditure of moneys. Such failure might have

418

the effect to invalidate a local assessment upon the abutter if there were no grounds of estoppel, this being a matter in invitum, but as regards a bona fide contractor with the city who had expended money for its benefit in respect of a matter within the scope of its general powers, the contract would not be ultra vires in the true sense of that term, and the city would be estopped to set up as a defense its own irregularities in the exercise of a power clearly granted to it.' This principle applies to the case at bar."

The court there concluded that since the city had received the benefits under the contract it was bound to pay for the benefits actually received since the contract was not void but merely ultra vires in a secondary sense. It is significant that in the City of East St. Louis and the McGovern case, the court merely required that the municipality pay for what benefits they had actually received under the agreements. No such issue is involved in the instant case since plaintiff was fully paid for actual services rendered by plaintiff.

Paragraph eight of the contract states that it "may be terminated only by mutual agreement of both parties." Article V, Section One of the City Charter provides that officers can be removed at the pleasure of the council. Since the contract is in conflict with the charter provisions and the City Council had acted to remove plaintiff, the contract should not thereafter be binding on the City of Geneseo unless Paragraph eight could be deemed a binding waiver. We perceive no compelling public policy to be served by requiring a waiver of the termination provision in the City Charter in the cause before us.

Plaintiff also contends that since the City has accepted the benefits of the contract it is estopped to deny the validity of the contract. In support of this contention,

plaintiff relies on Great Lakes Dredge & Dock Co. v. City of Chicago, 353 Ill 614, 188 NE 196, and People v. Spring Lake Drain. and Levee Dist., 253 Ill 479, 97 NE 1042. Both of these cases involved agreements by municipalities which were ultra vires in a "limited or secondary sense" similar to the agreements in the East St. Louis and McGovern cases referred to in this opinion. The court in both of these cases allowed recovery only for the benefits actually received by the municipalities. In no case which has been called to this court's attention has the doctrine of estoppel been applied so as to obligate a municipality for future services of the character involved in this case (where the contract was in violation of the charter provisions).

In passing, the plaintiff contends that the contract in the instant case was divisible. In this we agree to the extent that the portion of the contract performed before plaintiff was dismissed on December 2, 1965, is divisible from the remaining 11½ months of the contract not actually performed by plaintiff. The city has paid for 24½ months under the contract and as to this 24½ months the contract was valid and payment to plaintiff was proper. As to the remaining 11½ months of the contract we find no basis for its enforcement in the record in this cause.

We conclude that the theory of estoppel does not apply in the instant case as to services not rendered by the plaintiff following his dismissal. We also feel that although the contract may have been motivated by public welfare and good faith and that it is to the benefit of cities in Illinois to be able to contract for such services for an extended period of time, it was necessarily made with a view to the actual charter limitation that the services of plaintiff could be terminated under the terms of such provision. In absence of a showing of benefit to the city for which payment should be made or of facts which would require invocation of the doctrine of estoppel, we

must conclude that the action of the city council effectively terminated plaintiff's service as chief of police.

In an appropriate case where overriding public policy might be subserved, a waiver of a termination provision in a charter or of the doctrine of estoppel might be properly invoked. Under the facts and record in this case, however, we believe that the trial court was justified in granting the motion to dismiss.

The judgment of the Circuit Court of Henry County is, therefore affirmed.

Affirmed.